**AJG Law Group, PC**
Andrew J. Gramajo, CA Bar No. 338144
25A Crescent Dr. #402
Pleasant Hill, CA 94523
(415) 638-9140
andrew@ajglawgroup.us

*Attorney for Plaintiff Jeremy Luckau and the Proposed Plaintiff Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHERRY STRICKLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNRUN, INC.,<br><br>    Defendant. | Case No. 3:23-cv-05034-JST<br><br>**PLAINTIFF JEREMY LUCKAU'S RESPONSE TO ORDER TO SHOW CAUSE RE: WHY CASES SHOULDN'T BE RELATED** |

## I. INTRODUCTION

Plaintiff Jeremy Luckau ("Luckau") submits this response to the Court's February 28, 2025 Order to Show Cause regarding whether *Luckau v. Sunrun Inc.*, No. 4:25-cv-01661-JST, should be related or consolidated with *Strickland v. Sunrun, Inc.*, No. 3:23-cv-05034-JST, and *Banks v. Sunrun Inc.*, No. 4:24-cv-07877-JST. Additionally, while the Court's Order to Show Cause pertains to *Strickland*, *Banks*, and *Luckau*, a separate judicial referral identifies *LoPresti v. Sunrun Inc.*, No. 4:25-cv-00517-HSG, for potential relation.

These lawsuits share a common defendant with various claims under the Telephone Consumer Protection Act ("TCPA"), but that is where any apparent similarity ends. *Strickland*, *Banks*, and *LoPresti* all assert Sunrun, Inc. unlawfully solicited individuals who were registered on the National Do Not Call Registry. This is an entirely different claim, under a different subsection, that allows Sunrun to assert specific affirmative defenses not applicable to Luckau. In contrast, *Luckau* focuses on Sunrun concealing its identity while telemarketing. Luckau's claim is limited only to calls using the name "Solar America." There is no apparent overlap between Luckau's proposed class and those in the other cases. Hence, discovery in *Luckau* will be substantially different than that in *Strickland*, *Banks*, or *LoPresti*. Finally, there is already a motion for class certification pending in *Luckau*, and thus, the case has a much different posture than the others. There is no economy for the parties, or this Court, in relating *Luckau* to *Strickland*, *Banks*, or *LoPresti*. As such, this Court should not relate the matters.

## II. BACKGROUND

### A. The *Strickland* Action

Sherry Strickland, a Florida resident, filed this case on October 1, 2023, alleging that Sunrun violated the restrictions imposed by the National Do Not Call Registry under 47 C.F.R. § 64.1200(c)(2), and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, by making solicitation calls to her registered phone number. Each call came from 386-832-0297, which Strickland traced to "SolarAmerica.com." She contends the calls showed hallmarks of an automated dialing system and that Sunrun has a history of using mass-dialing technology.

### B. The *Banks* Action

Peggy Banks, a California resident, filed her case on November 11, 2024, alleging that Sunrun, Inc. violated the restrictions imposed by the National Do Not Call Registry under 47 C.F.R. § 64.1200(c)(2) by making solicitation calls to her registered phone number. The calls came from 909-475-3698, which she identifies as Sunrun's own caller ID number. Banks argues that she never provided prior express permission to receive solicitation calls from Sunrun and never had a business relationship with the company.

### C. The *LoPresti* Action

Sarah LoPresti, a resident of Massachusetts, filed her case on January 15, 2025, alleging that Sunrun Inc. violated the restrictions imposed by the National Do Not Call Registry under 47 C.F.R. § 64.1200(c)(2) by sending her unsolicited text messages to her registered phone number. She alleges that Sunrun used the name "MA Solar Incentives Program" to send at least two promotional text messages from 339-204-6536 on September 14 and 15, 2024. She argues that the texts violated the prohibition against making telephone solicitations to individuals on the Registry.

### D. The *Luckau* Action

Jeremy Luckau, a resident of Texas, filed his case on February 18, 2025, alleging that Sunrun violated the TCPA under 47 C.F.R. § 64.1200(d)(4) by failing to identify the entity on whose behalf telemarketing calls were made. Sunrun called Luckau 28 times between October 27, 2022, and November 6, 2022, from 425-528-8065. Luckau asserts that Sunrun places telemarketing calls under the false name "Solar America." The use of pseudonym deprived Luckau and others of the ability to track Sunrun as the spammer or to hold it accountable.

On February 20, 2025, Luckau moved the Court to certify a class of individuals who received telemarketing calls from Sunrun under the guise of "Solar America." Sunrun's response deadline is March 20, 2025, with Luckau's reply due by March 27, 2025. The motion is scheduled for hearing on May 8, 2025. Luckau's counsel have spent two years building this case, with over 500 hours devoted to it. This includes the filing of a motion for class certification, consistent with Rule 23's requirement that certification be decided "[a]t an early practicable time after a person sues." FED. R. CIV. P. 23(c)(1)(A).

### III.  STANDARD

Civil Local Rule 3-12 sets the standard in this District for determining whether cases should be deemed related. It provides:

(a) Definition of Related Cases.  An action is related to another when:

   (1)  The actions concern substantially the same parties, property, transaction, or event; and

   (2)  It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

### IV.  DISCUSSION

**A. The cases involve different parties, class definitions, and events.**

Civil Local Rule 3-12(a)(1) requires that related cases "concern substantially the same parties, property, transaction, or event." Given the breadth of Sunrun's telemarketing reach, any suggestion of overlap among putative classes at this stage remains speculative. The other cases define class membership by registration on the National Do Not Call Registry. Luckau's case targets a different unlawful practice entirely. To be sure, some individuals may fall into more than one of these proposed classes, but the existence of multiple classes does not, by itself, provide a sufficient basis to infer that any of the proposed classes substantially overlap.

For instance, Luckau specifically challenges Sunrun's practice of telemarketing under the false name "Solar America." Strickland notes that the caller's "number is owned by Solaramerica.com, a website owned and operated by Sunrun, Inc." But *Strickland* does not explain how calls were tied to that website, and this passing reference offers no basis for finding substantial overlap between Strickland's DNCR class and Luckau's proposed class. Moreover, Strickland's proposed Florida classes focus on autodialing technology, which bear no connection to Luckau's class composition.

*LoPresti*, by contrast, involves solicitations from an entity that self-identifies as "MA Solar Incentives Program" and involves only text messages. And Banks does not allege that any calls were explicitly attributed to Solar America. These distinctions rule out any apparent substantial overlap between the class in *Luckau* and those in *Banks* and *LoPresti*.

Likewise, it is not apparent whether the cases concern the same transaction or event. While

overlap is conceivable, the only way to conclude these cases involve substantially the same transaction or event at this stage would be to assume that all of Sunrun's outreach stems from a singular, undifferentiated call campaign. But the complaints themselves suggest multiple campaigns. Thus, any potential overlap remains unlikely.

**B. Conducting *Luckau* separately from *Strickland*, *Banks*, and *LoPresti* would not create unduly burdensome duplication of labor and expense or conflicting results.**

Here, relation would not reduce the potential for duplication of judicial efforts or the risk of conflicting results. This is because resolving Luckau's case requires proof that applies only to his claim—but not the other three cases. There is no risk of duplicative discovery, as consent is not at issue in *Luckau*.

Sunrun's defenses may differ based on the circumstances of its contact with Strickland, Banks, or LoPresti, but none of these defenses are available to Sunrun with respect to Luckau. In *Strickland*, *Banks*, and *LoPresti*, Sunrun can argue that class members invited calls and messages by providing prior express invitation or having an existing business relationship. In *Strickland*, *Banks*, and *LoPresti*, the National Do Not Call Registry applies to "telephone solicitations," which have a consent defense. 47 C.F.R. § 64.1200(c)(2), (f)(15). At the same time, Luckau's claim applies to "telemarketing," which has no such defense. 47 C.F.R. § 64.1200(d)(4), (f)(13). There is little risk here of duplicate work or inconsistent outcomes regarding evidence in *Luckau*.

In sum, while relation hypothetically could produce efficiencies in managing Sunrun's litigation overall, those efficiencies do not appear to satisfy Rule 3-12(a)(2) in Luckau's case. His claim, class definition, and legal theory remain distinct, and no duplication of judicial efforts or risk of conflicting results justifies relation under the Rule.

**V.   CONCLUSION**

Because Luckau's claim targets a separate telemarketing practice, lacks any available affirmative defense, and is already at the class certification stage, relation is not warranted under Rule 3-12. However, if the Court determines that judicial efficiency would be served by having all four cases proceed before Judge Tigar, Luckau does not object.

Dated: March 4, 2025

                                    Respectfully submitted,

                                    */s/ Andrew J. Gramajo*
                                    Andrew J. Gramajo

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, a copy of the foregoing was served via CM/ECF to all parties on record.

                                    */s/ Andrew J. Gramajo*
                                    Andrew J. Gramajo