**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*Pro Hac Vice*)
Glenn T. Graham (State Bar No. 338995)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 4:23-cv-05034-JST<br><br>**DEFENDANT SUNRUN INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE FOR RELATING CASES**<br><br>Hon. Jon S. Tigar |

## I. INTRODUCTION

Defendant Sunrun, Inc. ("Sunrun") respectfully submits this response to the Court's Order to Show Cause, dated February 28, 2025 (ECF No. 44), as to whether *Strickland v. Sunrun, Inc.*, No. 23-cv-05034 ("*Strickland*"), *Banks v. Sunrun, Inc.*, No. 24-cv-07877 ("*Banks*"), and *Luckau v. Sunrun, Inc.*, No. 25-cv-01661 ("*Luckau*") should be related under Civil Local Rule 3-12. As set forth below, these cases do not satisfy the requirements for relation under the Local Rule and given the substantive differences between the named Plaintiff's allegations in each matter, relation is unnecessary and unwarranted.

## II. ARGUMENT

Under Civil Local Rule 3-12(a), cases are "related" if: "1) the actions concern substantially the same parties, property, transaction, or event; and 2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." *Ortiz v. CVS Caremark Corp.*, No. 12-cv-05859-EDL, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (citing Civ. L.R. 3-12(a)). Here, neither requirement is met.

None of the named plaintiffs in these three cases are the same, and each alleges distinct factual circumstances with respect to their purported claims against Sunrun. As a result, discovery in each case will be unique with respect to each Plaintiff; requiring different and distinct inquiries into each named plaintiffs' interactions with Sunrun, if any.

While there is overlap in the putative classes in *Strickland* and *Banks*, Sunrun submits that the class allegations in *Banks* should be stricken or dismissed for the reasons set forth in Sunrun's pending motion to strike. *See Banks*, No. 4:24-cv-07877-JST, ECF No. 17.

Finally, *Luckau* alleges a different set of purported violations asserting a unique TCPA theory "for violations of the seller identification regulation found in 47 C.F.R. § 64.1200(d)(4)." *Luckau*, ECF No. 1, Compl. ¶ 92. While Sunrun disputes that there is any private right of action for the conduct alleged by the Plaintiff in *Luckau*, this theory is not pursued in *Banks* or *Strickland*. This presents another basis to deny relation. *See ASUS Computer Int'l v. Interdigital, Inc.*, No. 15-cv-01716-BLF, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (denying

relation, in part, "because there [were] myriad case-specific facts and issues that [did] not overlap[.]"). These distinctions make relation inappropriate.

### III. CONCLUSION

For the reasons set forth above, the Court should determine that relation is unwarranted.

Dated: March 4, 2025

Respectfully submitted,

*/s/ Glenn T. Graham*
Lauri A. Mazzuchetti (*Pro Hac Vice*)
Glenn T. Graham
KELLEY DRYE & WARREN LLP

One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*