**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (State Bar No. 338995)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
Becca Wahlquist (State Bar No. 215948)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
bwahlquist@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>       v.<br><br>SUNRUN INC.<br><br>              Defendant. | Case No. 4:23-cv-05034-JST<br><br>**DEFENDANT SUNRUN INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Sunrun Inc. ("Sunrun") hereby responds to the Second Amended Complaint (Dkt. No. 54) ("Second Amended Complaint") of Plaintiff Sherry Strickland ("Plaintiff") by filing this Answer and Affirmative Defenses.

## NATURE OF ACTION

1.      Sunrun denies the allegations contained in paragraph 1 of the Second Amended Complaint to the extent they contain factual allegations.  With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required.  To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

2.      Sunrun denies the allegations contained in paragraph 2 of the Second Amended Complaint to the extent they contain factual allegations.  With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required.  To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

3.      Sunrun denies the allegations contained in paragraph 3 of the Second Amended Complaint to the extent they contain factual allegations.  With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required.  To the extent a response to those legal conclusions is required, Sunrun denies those allegations. Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.

## PARTIES

4.      Sunrun is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Second Amended Complaint.

5.      Sunrun admits that it is incorporated in Delaware and headquartered in San Francisco, California.

## JURISDICTION AND VENUE

6.      Sunrun denies the factual allegations contained in paragraph 6 of the Second Amended Complaint.  With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required.   To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

7.      Sunrun admits jurisdiction is proper in this Court.

1      8.      Sunrun admits venue is proper in this District.

2                                    **TCPA BACKGROUND**

3   The National Do Not Call Registry

4      9.      The allegations in paragraph 9 of the Second Amended Complaint state legal

5   conclusions to which no response is required.  To the extent that a response is required, Sunrun

6   denies those allegations.

7      10.     The allegations in paragraph 10 of the Second Amended Complaint state legal

8   conclusions to which no response is required.  To the extent that a response is required, Sunrun

9   denies those allegations.

10     11.     The allegations in paragraph 11 of the Second Amended Complaint state legal

11  conclusions to which no response is required.  To the extent that a response is required, Sunrun

12  denies those allegations.

13  Calls Made with a Pre-Recorded Message

14     12.     The allegations in paragraph 12 of the Second Amended Complaint state legal

15  conclusions to which no response is required.  To the extent that a response is required, Sunrun

16  denies those allegations.

17     13.     The allegations in paragraph 13 of the Second Amended Complaint state legal

18  conclusions to which no response is required.  To the extent that a response is required, Sunrun

19  denies those allegations.

20

21  The Florida Telephone Solicitation Act

22     14.     Sunrun admits the allegations contained in paragraph 14 of the Second Amended

23  Complaint.

24     15.     The allegations in paragraph 15 of the Second Amended Complaint state legal

25  conclusions to which no response is required.  To the extent that a response is required, Sunrun

26  denies those allegations.

27     16.     The allegations in paragraph 16 of the Second Amended Complaint state legal

28  conclusions to which no response is required.  To the extent that a response is required, Sunrun

denies those allegations.

17.    Sunrun admits that the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 (the "FTSA") states "[i]f the Federal Trade Commission, pursuant to 15 U.S.C. s. 6102(a), establishes a national database that lists the telephone numbers of subscribers who object to receiving telephone solicitations, the department shall include those listings from the national database which relate to Florida in the listing established under this section." Fla. Stat. Ann. § 501.059.

18.    Sunrun denies the factual allegations contained in paragraph 18 of the Second Amended Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

19.    Sunrun admits that the FTSA states that "'[t]elephone solicitor' means a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call, including, but not limited to, calls made by use of automated dialing or recorded message devices." Fla. Stat. Ann. § 501.059.

20.    Sunrun admits that the FTSA states that "'[t]elephonic sales call' means a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." *Id.*

21.    Sunrun denies the factual allegations contained in paragraph 21 of the Second Amended Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

22.    The allegations in paragraph 22 of the Second Amended Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

### FACTUAL ALLEGATIONS

23.    The allegations in paragraph 23 of the Second Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Sunrun denies those allegations.

24.    Sunrun denies the allegations contained in paragraph 24 of the Seconded Amended Complaint.

25.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Second Amended Complaint.

26.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Second Amended Complaint.

27.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Second Amended Complaint.

28.    Sunrun denies the allegations contained in paragraph 28 of the Second Amended Complaint.

29.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Second Amended Complaint.

30.    Sunrun denies the allegations contained in paragraph 30 of the Second Amended Complaint.

31.    Sunrun denies the allegations contained in paragraph 31 of the Second Amended Complaint.

32.    Sunrun denies the allegations contained in paragraph 32 of the Second Amended Complaint.

33.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Second Amended Complaint.

34.    Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Second Amended Complaint.

35.    The allegations in paragraph 35 of the Second Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Sunrun

1    denies those allegations.

2        36.    Sunrun denies the allegations contained in paragraph 36 of the Second Amended

3    Complaint.

4        37.    Sunrun admits only that its counsel exchanged several email communications with

5    one of Plaintiff's counsel between July 27, 2023 and August 21, 2023 regarding Plaintiff.

6        38.    Sunrun admits only that its counsel exchanged several email communications with

7    one of Plaintiff's counsel between July 27, 2023 and August 21, 2023 regarding Plaintiff.

8        39.    Sunrun denies the allegations contained in paragraph 39 of the Second Amended

9    Complaint.

10       40.    Sunrun is without knowledge or information sufficient to form a belief as to the truth

11   of the allegations contained in paragraph 40 of the Second Amended Complaint.

12       41.    Sunrun admits the allegations contained in paragraph 41 of the Second Amended

13   Complaint.

14       42.    Sunrun denies the allegations contained in paragraph 42 of the Second Amended

15   Complaint to the extent they contain factual allegations.

16       43.    Sunrun denies the allegations contained in paragraph 43 of the Second Amended

17   Complaint to the extent they contain factual allegations.

18       44.    Sunrun denies the allegations contained in paragraph 44 of the Second Amended

19   Complaint to the extent they contain factual allegations.

20       45.    Sunrun denies the allegations contained in paragraph 45 of the Second Amended

21   Complaint.

22       46.    Sunrun denies the allegations contained in paragraph 46 of the Second Amended

23   Complaint.

24       47.    Sunrun denies the allegations contained in paragraph 47 of the Second Amended

25   Complaint.

26       48.    Sunrun denies the allegations contained in paragraph 48 of the Second Amended

27   Complaint.

28       49.    Sunrun denies the allegations contained in paragraph 49 of the Second Amended

1  Complaint.

2      50.     Sunrun only admits that it has previously been sued under the TCPA.

3      51.     Sunrun denies the allegations contained in paragraph 51 of the Second Amended

4  Complaint to the extent they contain factual allegations.  With respect to those allegations set forth

5  therein which constitute legal conclusions, no response thereto is required.  To the extent a response

6  to those legal conclusions is required, Sunrun denies those allegations. Sunrun denies that this case

7  is appropriate for class treatment and denies that the putative class is valid or appropriate.

8  **CLASS ACTION ALLEGATIONS**

9      52.     Sunrun admits that Plaintiff purports to bring this action on behalf of herself and a

10 putative class.  Sunrun denies that this case is appropriate for class treatment and denies that the

11 putative classes are valid or appropriate.  Sunrun denies the factual allegations contained in

12 paragraph 52 of the Second Amended Complaint.

13     53.     Sunrun denies the allegations contained in paragraph 53 of the Second Amended

14 Complaint.

15     54.     Sunrun denies the allegations contained in paragraph 54 of the Second Amended

16 Complaint.

17     55.     Sunrun denies the allegations contained in paragraph 55 of the Second Amended

18 Complaint.

19     56.     Sunrun denies the allegations contained in paragraph 56 of the Second Amended

20 Complaint.

21     57.     Sunrun denies the allegations contained in paragraph 57 of the Second Amended

22 Complaint.

23     58.     Sunrun denies the allegations contained in paragraph 58 of the Second Amended

24 Complaint.

25     59.     Sunrun denies the allegations contained in paragraph 59 of the Second Amended

26 Complaint.

27

28

1
2
3

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf Of Plaintiff And The Florida Telephone Solicitation Act Autodial Class**

4       60.     Sunrun incorporates its responses to paragraphs 1 through 59 as though fully set forth
5   therein.

6       61.     Sunrun admits that Plaintiff brings this action pursuant to the FTSA, but denies that
7   Sunrun violated the FTSA or any other law and denies the remaining factual allegations contained
8   in paragraph 61 of the Second Amended Complaint.

9       62.     Sunrun admits only that the FTSA states "[a] person may not make or knowingly
10  allow to be made an unsolicited telephonic sales call if such call involves an automated system for
11  the selection and dialing of telephone numbers or the playing of a recorded message when a
12  connection is completed to a number called without the prior express written consent of the called
13  party." Fla. Stat. Ann. § 501.059.

14      63.     Sunrun admits only that the FTSA states that "'[t]elephonic sales call' means a
15  telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting
16  a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or
17  services, or obtaining information that will or may be used for the direct solicitation of a sale of
18  consumer goods or services or an extension of credit for such purposes." *Id.*

19      64.     Sunrun denies the allegations contained in paragraph 64 of the Second Amended
20  Complaint.

21      65.     Sunrun denies the allegations contained in paragraph 65 of the Second Amended
22  Complaint.

23      66.     Sunrun denies the allegations contained in paragraph 66 of the Second Amended
24  Complaint.

25      67.     Sunrun denies the allegations contained in paragraph 67 of the Second Amended
26  Complaint.

27
28

DEFENDANT SUNRUN INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
CASE NO. 4:23-CV-05034-JST

**FOR A SECOND CAUSE OF ACTION**

**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Do Not Call Class**

68.    Sunrun incorporates its responses to paragraphs 1 through 67 as though fully set forth therein.

69.    Sunrun admits that Plaintiff purports to bring this action on behalf of herself and a putative class.  Sunrun denies that this case is appropriate for class treatment and denies that the putative class is valid or appropriate.  Sunrun denies the factual allegations contained in paragraph 69 of the Second Amended Complaint.

70.    The allegations in paragraph 70 of the Second Amended Complaint state legal conclusions to which no response is required.  To the extent that a response is required, Sunrun denies those allegations.

71.    Sunrun admits only that the FTSA states that "'[t]elephonic sales call' means a telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." *Id.*

72.    Sunrun denies the allegations contained in paragraph 72 of the Second Amended Complaint.

73.    Sunrun denies the allegations contained in paragraph 73 of the Second Amended Complaint.

74.    Sunrun denies the allegations contained in paragraph 74 of the Second Amended Complaint.

75.    Sunrun denies the allegations contained in paragraph 75 of the Second Amended Complaint.

76.    Sunrun denies the allegations contained in paragraph 76 of the Second Amended Complaint.

DEFENDANT SUNRUN INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
CASE NO. 4:23-CV-05034-JST

**FOR A THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the National Do Not Call Registry Class**

77.    Sunrun incorporates its responses to paragraphs 1 through 76 as though fully set forth therein.

78.    Sunrun denies the allegations contained in paragraph 78 of the Second Amended Complaint.

79.    Sunrun denies the allegations contained in paragraph 79 of the Second Amended Complaint.

80.    Sunrun denies the allegations contained in paragraph 80 of the Second Amended Complaint.

81.    Sunrun denies the allegations contained in paragraph 81 of the Second Amended Complaint.

**FOR A FOURTH CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227(b)**
**On Behalf of Plaintiff and the Prerecord Class**

82.    Sunrun incorporates its responses to paragraphs 1 through 81 as though fully set forth therein.

83.    Sunrun admits only that the TCPA states any person within the United States is prohibited from making "any call to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a…cellular telephone service." *Id.* With respect to those allegations set forth therein which constitute legal conclusions, no response thereto is required.  To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

84.    Sunrun admits that it made a discovery production, but denies the remaining factual allegations contained in paragraph 84 of the Second Amended Complaint.

85.    Sunrun denies the allegations contained in paragraph 85 of the Second Amended

9

Complaint.

86.    Sunrun denies the allegations contained in paragraph 86 of the Second Amended Complaint.

87.    Sunrun denies the allegations contained in paragraph 87 of the Second Amended Complaint.

88.    Sunrun denies the allegations contained in paragraph 88 of the Second Amended Complaint.

89.    Sunrun denies the allegations contained in paragraph 89 of the Second Amended Complaint.

## PRAYER FOR RELIEF

Sunrun denies that Plaintiff is entitled to any of the relief she seeks in the "PRAYER FOR RELIEF" section of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Sunrun asserts and alleges the following Affirmative Defenses to Plaintiff's Second Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted because, among other reasons, Sunrun had Plaintiff's and each putative class member's prior express invitation or permission and/or an established business relationship with Plaintiff and/or each putative class member.

## SECOND AFFIRMATIVE DEFENSE

Sunrun had prior express consent, permission, or an invitation to place any phone calls at issue, including to Plaintiff and/or the putative class members. To the extent that Plaintiff and each putative class member inquired about Sunrun's products or services, or is or was a current or former Sunrun customer, their claims are barred.

## THIRD AFFIRMATIVE DEFENSE

Sunrun had established a relationship with the recipients of any phone calls, including with

10

Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against Sunrun must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Second Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Sunrun alleges that at all times mentioned in the Second Amended Complaint, Sunrun acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Sunrun acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Sunrun were justified under the circumstances based on the information reasonably available to Sunrun.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and the putative classes' claims are barred by *res judicata* and/or otherwise released.

### EIGHTH AFFIRMATIVE DEFENSE

Sunrun alleges that the award of statutory penalties against Sunrun would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, waiver, estoppel, and/or release.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims under the FTSA are unconstitutional.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against Sunrun are barred, in whole or in part, by the TCPA's and FTSA's "Safe Harbor" provisions or other "Safe Harbor" defenses.

**TWELFTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Sunrun detrimentally relied, Plaintiff and the absent class members are equitably estopped from asserting any claim for relief against Sunrun.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and/or the putative classes have expressly or impliedly consented to, ratified and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Second Amended Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that Plaintiff and the putative classes are not entitled to any relief because Sunrun's conduct did not proximately cause any damages, injury, or loss to Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Sunrun alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Sunrun respecting the matters that are the subject of the Second Amended Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims against Sunrun are barred because the phone calls that are the subject of the Second Amended Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Sunrun for such phone calls would violate its First Amendment rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative classes' claims are barred because Sunrun did not engage in willful and/or knowing misconduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Sunrun did not place the alleged phone calls to putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

Sunrun is informed and believes, and on that basis alleges, that granting Plaintiff's demand

12

would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom Sunrun exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and the putative classes are not entitled to relief because Sunrun did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are subject to arbitration provisions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Sunrun is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Sunrun's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages by requesting to no longer receive calls from Sunrun.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they did not personally register their residential telephone numbers on the National Do Not Call Registry.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they allege calls placed less than thirty days after Plaintiff and each putative class member registered their telephone number(s) on the National Do Not Call Registry.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and each putative class member's purported claims for relief are barred to the extent that they authorized third parties to provide Plaintiff's and each putative class members' prior

13

express invitation or permission to Sunrun, or to make an inquiry into Sunrun's products or services on her or their behalf.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Sunrun reasonably relied on prior express invitation or permission provided by others who identified Plaintiff's or each putative class member's telephone numbers to Sunrun, and/or inquiry-based established business relationships between the parties.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for purported violation of the FTSA fail as a matter of law because Defendant does not use an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed.

### THIRTIETH AFFIRMATIVE DEFENSE

A class action is inappropriate because individual issues predominate over common issues, Plaintiff is not typical of the Class she wishes to represent and Plaintiff cannot satisfy the elements of Federal Rule of Civil Procedure 23.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Sunrun states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Sunrun reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Sunrun prays for judgment as follows:

1.    That Plaintiff take nothing by reason of their Second Amended Complaint;

2.    That judgment be entered against Plaintiff and in favor of Sunrun;

3.    That Sunrun recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.    That the Court grant Sunrun such other and further relief as it deems just and proper.

Dated:  April 10, 2025

Respectfully submitted,

*/s/ Glenn T. Graham*
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham
Becca Wahlquist

KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:  (973) 503-5900
Facsimile:  (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (310) 712-6100
Facsimile:  (310) 712-6199
bwahlquist@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

DEFENDANT SUNRUN INC.'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES
CASE NO. 4:23-CV-05034-JST