Anthony I. Paronich
*Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com

[Additional counsel appear on signature page]

*Attorneys for plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC.<br><br>Defendant. | Case No. 4:23-cv-05034-JST<br><br>**CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

    Counsel for Plaintiff Sherry Strickland ("Plaintiff") and counsel for Defendant Sunrun Inc. ("Sunrun") met and conferred on March 24, 2025, pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, the Guidelines for the Discovery of Electronically Stored Information as well as the Checklist for Rule 26(f) Meet and Confer Regarding and the Court's Standing Order.  They hereby respectfully submit this Joint Case Management Statement and [Proposed] Order.

CASE MANAGEMENT STATEMENT
*Strickland v. Sunrun, Inc.*, Case No. 4:23-cv-05034-JST

## 1. **Jurisdiction and Service**

This Court has federal-question subject-matter jurisdiction over Plaintiff's claims, which are brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Sunrun has been served. Venue is proper. On March 27, 2025, Plaintiff filed a Second Amended Complaint. (ECF No. 54.) On April 10, 2025, Sunrun filed its Answer and Affirmative Defenses to the Second Amended Complaint (ECF No. 55.)

## 2. **Facts**

Plaintiff's Statement

Ms. Strickland alleges that in spite of her personal, residential cell phone number being registered on the National Do Not Call Registry since September of 2021, she received telemarketing calls from Sunrun in an attempt to sell Sunrun's solar power services on July 8, 9,10, 11, 12, 13 and 14, 2023. First Amended Compl. ¶¶ 21-26 (ECF 23) in violation of the TCPA and the Florida Telephone Solicitation Act ("FTSA") Fla. Stat. § 501.059.

Ms. Strickland alleges that all of the calls came from Caller ID (386) 832-0297. ECF 23 ¶. On July 8 and 10, 2023, Ms. Strickland called back to (386) 832-0297 and asked Sunrun to stop calling her, but the calls continued. *Id.* ¶ 28.

Ms. Strickland additionally alleges that Sunrun placed the calls to her and a class of similarly situated individuals and entities using an automatic telephone dialing system as defined by the FTSA. Ms. Strickland additionally alleges that certain of the calls used a prerecorded message in violation of both the TCPA and the FTSA.

Defendant Sunrun's Statement

Sunrun denies that it placed any telemarketing calls to Plaintiff in violation of the TCPA or the FTSA. Sunrun's records indicate that Clean Energy Experts, LLC ("CEE"), which does business as Solar America, only called Plaintiff because she (or someone acting for her) submitted multiple webforms requesting quotes for solar energy and provided consent to be called. Sunrun further denies that Plaintiff "asked Sunrun to stop calling her, but the calls

continued." Sunrun further denies that it placed calls to Plaintiff using a prerecorded message in violation of the TCPA and/or FTSA.

**3.     Legal Issues**

Plaintiff's Statement

The primary legal issues are expected to include some or all of the following:

(a)    Were the calls made to residential telephone numbers?

(b)    Were the calls necessitated by an emergency?

(c)    Had the called parties provided prior express written consent?

(d)    Were Defendant's violations of the TCPA knowing or willful?

(e)    Were the calls made to Florida numbers with an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party.

(f)    Were the calls initiated using an artificial or prerecorded voice?

(g)    Should Defendant be enjoined?

(h)    Should class certification be granted?

Defendant Sunrun' Statement

The primary legal issues in this case are:

(a)    Is Sunrun  liable for the calls alleged in the Second Amended Complaint?

(b)    Did Plaintiff provide consent to receive the alleged calls?

(c)    Was Plaintiff's phone number a residential telephone number?

(d)    Can a class be certified when individual issues predominate in this case?

(f)    Did Sunrun knowingly or willfully violate the TCPA?

(g)    Does Plaintiff face an immediate probability of future violative conduct that would entitle her to an injunction?

(h)    Whether Plaintiff can meet all of the elements to establish a claim under the TCPA and its regulations?

(i)     Whether Plaintiff can meet all of the elements to establish a claim under the FTSA?

(j)     Whether Plaintiff's claims are barred by the TCPA's and FTSA's "safe harbor" provisions or other "safe harbor" and/or affirmative defenses;

(k)     Whether Plaintiff's claims must be dismissed for lack of sufficient injury-in-fact to establish standing to pursue the claims asserted in the Second Amended Complaint;

(l)     Whether putative class members have released, waived, relinquished, or abandoned any claims for relief against Sunrun; and

(m)    Whether Plaintiff's claims are suitable for class treatment under Federal Rule of Civil Procedure 23.

**4.     Motions**

Plaintiff's Statement

After receiving sufficient discovery, Plaintiff intends to file a motion for class certification and may file a motion for summary judgment or partial summary judgment regarding liability and damages. Depending on how discovery proceeds, Plaintiff may file motions to resolve discovery disputes, motions *in limine*, and expert motions.

Defendant Sunrun' Statement

Sunrun anticipates filing a Motion for Summary Judgment. Sunrun may also file a motion to affirmatively deny class certification, as well as discovery motions, motions related to expert witnesses and motions *in limine*, if necessary.

**5.     Amendment of Pleadings**

The parties' proposed deadlines are in the table below.

**6.     Evidence Preservation**

The parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they have

- 4 -
CASE MANAGEMENT STATEMENT
*Strickland v. Sunrun, Inc.*, Case No. 4:23-cv-05034-JST

met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Counsel have instructed the parties to preserve logs of calls between any of Defendant (on the one hand) and any proposed class member (on the other hand).

**7.     Disclosures**

The parties have already made their initial disclosures.

**8.     Discovery**

   a.     Discovery Taken to Date

Both parties have propounded and responded to discovery. The parties anticipate another supplemental production of documents by Defendant prior to the Case Management Conference on May 6, 2025

   b.     Scope of Anticipated Discovery

Plaintiff's Statement

Plaintiff anticipates that the focus of discovery will include:

   (a)   electronic data regarding the calls at issue;
   (b)   electronic data tracking any alleged consents to receive calls, including the logs of any servers that obtained any purported consent;
   (c)   electronic data regarding any alleged website visits that the Defendant asserts is the basis for the calls;
   (d)   contracts, invoices, and other documents relating to the relationships between the Defendant and its telemarketing vendors and customers;
   (e)   Defendant's policies and procedures (if any) concerning TCPA or FTSA compliance;
   (f)   complaints relating to telemarketing made to or about Defendant, and Defendant's responses thereto;
   (g)   email and other communications related to the allegations of this case.

Defendant Sunrun' Statement

Sunrun anticipates taking discovery on the following topics:

(a) Plaintiff's written and oral communications and interactions with Sunrun, CEE and/or any third-party that operated a website through which Plaintiff requested a quote for solar energy;

(b) Plaintiff's completion of web forms requesting quotes for solar energy;

(c) Whether Plaintiff sustained any injury-in-fact, or suffered any actual alleged damages;

(d) Plaintiff's consent to receive calls from Sunrun and/or CEE;

(e) Whether Plaintiff can meet all of the elements to establish any claim under the TCPA;

(f) Whether Plaintiff can meet all of the elements to establish any claim under the FTSA;

(g) Whether Plaintiff can meet the requirements of Rule 23;

(h) Discovery concerning Sunrun's affirmative defenses; and

(i) Any additional subjects as they arise in discovery.

   c. Limitations or Modifications of Discovery Rules

The Parties agree that they will serve and accept service of discovery requests and responses electronically.

   d. Proposed Discovery Plan

The parties propose the schedule set forth in the table below.

   e. Identified Discovery Disputes

The parties agree generally to meet and confer as to any future discovery disputes in order to try to narrow the scope of their disagreement and reduce the need for judicial intervention.

**9.  Class Actions**

The Parties propose the deadline for class certification in the table below.

All attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements. Sunrun maintains that this action is not suitable for class treatment and that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**10. Related Cases**

On March 7, 2025 the Court found this action related to two cases: Banks v. Sunrun, Inc., 24-cv-07877 and LoPresti v. Sunrun, Inc., 25-cv-00517. ECF 50. The parties are unaware of any other related cases.

**11. Relief**

Plaintiff's Statement

Plaintiff seeks all of the relief prayed for in the complaint, including an injunction barring Defendant from further automated telemarketing. Plaintiff seeks statutory damages of $1,500 per knowing or willful violation and $500 per other violation of the TCPA as well as the FTSA. *See* 47 U.S.C. § 227(b)(3) and Fla. Stat. § 501.059.

Defendant Sunrun' Statement

Sunrun denies that Plaintiff is entitled to any relief and denies that Plaintiff has suffered any damages. Sunrun further denies that it violated the TCPA, FTSA or any other law. Sunrun denies that Plaintiff is entitled to injunctive relief, attorneys' fees, costs or expenses. And, Plaintiff's claims are not appropriate for class treatment.

**12. Settlement and ADR**

The Parties have not yet engaged in ADR. The parties propose that they engage in private mediation.

**13. Consent to Magistrate Judge for All Purposes**

The parties have not consented to proceed before a magistrate judge.

**14. Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The Parties have agreed to a Stipulated Protective Order. (*See* ECF Nos. 40, 41.)

CASE MANAGEMENT STATEMENT
*Strickland v. Sunrun, Inc.*, Case No. 4:23-cv-05034-JST

## 15. Narrowing of Issues

Sunrun's Statement. As set forth above, Sunrun anticipates filing a motion for summary judgment.

## 16. Expedited Trial Procedure

The parties do not believe that this matter is appropriate for the Expedited Trial Procedure of General Order No. 64 Attachment A.

## 17. Scheduling

The parties propose the following schedule:

| EVENT | |
|---|---|
| Deadline to serve initial disclosures | November 8, 2024 (Completed.) |
| Last day to join other parties and to amend pleadings | January 6, 2025 (Completed.) |
| Last day to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures | August 15, 2025 |
| Last day to exchange expert witness rebuttal reports | September 16, 2025 |
| Last day for expert discovery | October 15 15, 2025 |
| Deadline to conduct private mediation | September 22, 2025 |
| All Discovery cut-off | October 15, 2025 |
| Last day to file motions for summary judgment | November 14, 2025 |
| Last day to file motion for class certification | November 14, 2025 |

## 18. Trial

The parties anticipate that trial will last 3-5 days.

- 8 -
CASE MANAGEMENT STATEMENT
*Strickland v. Sunrun, Inc.*, Case No. 4:23-cv-05034-JST

**19.     Disclosure of Non-party Interested Entities or Persons**

The parties have filed their Certifications of Interested Entities or Persons.

**20.     Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters**

The Parties do not believe that there are other matters to discuss at this time.

**CLASS ACTION INFORMATION REQUIRED BY CIVIL LOCAL RULE 16-9(b)**

**1.     Specific Paragraphs of Federal Rule of Civil Procedure 23**

Plaintiff's Statement

This action meets the prerequisites of Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3).

Defendant Sunrun's Statement

Sunrun disagrees with Plaintiff's statement above.  Sunrun contends that this action is not suitable to be maintained as a class action and that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**2.     Description of Classes**

The Plaintiff intends to pursue the following classes:

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Sunrun (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Sunrun's goods and/or services made from or to Florida, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

**Florida Telephone Solicitation Act Do Not Call Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Sunrun's goods and/or services made from or to Florida, (2) to a number on Florida's no sales solicitation calls list (3) from July 1, 2021 through the date of trial.

**Telephone Consumer Protection Act Prerecord Class:** All persons in the United States: (1) to whom Sunrun and/or a third party acting on its behalf, made one or more non-emergency calls' (2) promoting Sunrun's goods and/or services; (3) to their cellular telephone number, (3) using an artificial or prerecorded voice (4) from the four years prior to the filing of the complaint through the date of trial.

It is Sunrun's position that this action is not suitable to be maintained as a class action and that Plaintiff cannot satisfy the requirements of Rule 23 with respect to any of her proposed classes.

### 3.   **Facts Showing Plaintiff Is Entitled to Maintain the Action under Federal Rule of Civil Procedure 23(a) and (b)**

Plaintiff's Statement

*Fed R. Civ. P. 23(a)(1), Numerosity*

The Class is so numerous that joinder of all its members is impracticable as telemarketing campaigns are typically conducted *en masse*. Indeed, here the Defendant used automated calling, which only makes financial sense to do *en masse*

*Fed R. Civ. P. 23(a)(2), Commonality*

Due in part to the automated, routinized nature of Defendant's telemarketing, outcome-determinative questions of fact and law have the same answers for all members of a given class. These questions include but are not limited to the following:

    a.    Were the calls to residential telephone numbers?

    b.    Were the calls sent to numbers on the National Do Not Call Registry?

    c.    Was the dialing system used the type regulated by the FTSA?

    d.    Were the calls to the class member necessitated by an emergency?

    e.    Did the Defendant initate calls using a prerecorded or artificial voice?

    f.    Had the class member provided prior express written consent before being called?

    g.    What is the minimum statutory damages per violation the class member is entitled to?

    h.    Were Defendant's violations of the class member's rights under the TCPA or FTSA knowing and willful?

    i.    How much in statutory damages per violation should the Court award the class member?

    j.    Should Defendant be enjoined?

*Fed R. Civ. P. 23(a)(3), Typicality*

Also due in part to the automated, routinized nature of Defendant's telemarketing, Plaintiff's claims are typical of those of the classes. They arise from the same course of conduct as fellow class members' and seek redress based on the same legal and equitable remedies as fellow class members.'

*Fed R. Civ. P. 23(a)(4), Adequacy*

Sherry Strickland is an adequate class representative, has no conflict with the proposed class, and is committed to seeing this matter through to a remedy for all class members.

Plaintiff's counsel have litigated TCPA class actions in the Northern District, been appointed as class counsel in the Northern District, and across the country, reaching classwide settlements in dozens of cases.

*Fed. R. Civ. P. 23(b)(2), Applicability*

For several of the same reasons that commonality is satisfied, Defendant has acted on grounds generally applicable to the entire classes, so that a permanent injunction for the benefit of the entire classes is appropriate. That injunction—or lack thereof—will, as a practical matter, apply classwide.

*Fed. R. Civ. P. 23(b)(3), Predominance*

For several of the same reasons that commonality is satisfied, predominance is satisfied.

*Fed. R. Civ. P. 23(b)(3), Superiority*

For every nearly 14 million robocalls, there's only one TCPA lawsuit in federal court. *Compare Americans Hit by Just Under 46 Billion Robocalls in 2020, Says YouMail Robocall Index* (Jan. 26, 2021), https://www.prnewswire.com/news-releases/americans-hit-by-just-under-46-billion-robocalls-in-2020-says-youmail-robocall-index-301215139.html (45.9 billion robocalls), *with* WebRecon, *WebRecon Stats for Dec 2020 and Year in Review*, https://webrecon.com/webrecon-stats-for-dec-2020-and-year-in-review/ (last visited June 7, 2021) (3,302 TCPA complaints).

That is so in part because "the statutory damages provided by the TCPA are not sufficient to compensate the average consumer for the time and effort that would be involved in bringing a small claims action against a national corporation." *Meyer v. Bebe Stores, Inc.*, No. 14-CV-00267-YGR, 2016 U.S. Dist. LEXIS 188999, at *29 (N.D. Cal. Aug. 22, 2016) (quotation marks omitted) (collecting cases).

Defendant Sunrun' Statement

This action is not suitable to be maintained as a class action. Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23 with respect to any of her proposed classes. Sunrun does not make telephone calls to customers or customer prospects absent consent. In

addition, any vendor from which Sunrun purchases customer leads is contractually required to obtain consumer consent. Sunrun does not place calls using an "automated system" as defined in the FTSA, and does not engage in "automated calling," nor does it place calls to any customer or customer prospect whose phone number is listed on National Do Not Call Registry or any state equivalent registry unless that person has consented and requested to be called. Plaintiff's proposed class definitions include persons who received calls even though they consented and requested to receive such calls and have no possible claim under the TCPA and FTSA. Consent will be an individualized issue that will defeat Rule 23's predominance, among other, requirements. Plaintiff also cannot represent her proposed classes where she consented to receive calls from Sunrun and/or CEE.

**4.  Proposed Date**

Plaintiff proposes that the motion for class certification be filed by the date in the table above.

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from the other signatories.

RESPECTFULLY SUBMITTED AND DATED this April 25, 2025

By:

| | |
|---|---|
| */s/ Anthony I. Paronich* | */s/ Glenn T. Graham* |
| Anthony I. Paronich | Glenn T. Graham |
| Paronich Law, P.C. | Kelley Drye & Warren LLP |
| 350 Lincoln Street, Suite 2400 | One Jefferson Road, 2nd Floor |
| Hingham, MA 02043 | Parsippany, NJ 07054 |
| [o] (617) 485-0018 | [o] (973) 503-5900 |
| [f] (508) 318-8100 | [f] (973) 503-5950 |
| anthony@paronichlaw.com | ggraham@kelleydyre.com |

*/s/Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti (*pro hac vice*)
Kelley Drye & Warren LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
[o] (973) 503-5910
[f] (973) 503-5950
lmazzuchetti@kelleydrye.com

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

　　　　　　　　　　　　　　　　　　　　Jon S. Tigar, United States District Judge