**KELLEY DRYE & WARREN LLP**
　Lauri A. Mazzuchetti (*Pro Hac Vice*)
　Glenn T. Graham (State Bar No. 338995)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:　(973) 503-5900
Facsimile:　(973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SUNRUN, INC.<br><br>　　　　　　　　　　Defendant. | Case No. 4:23-cv-05034-JST<br><br>(Assigned to Hon. James Donato)<br><br>**DEFENDANT SUNRUN INC.'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS, SET TWO**<br><br>Action Filed: October 1, 2023 |

PROPOUNDING PARTY:　　SHERRY STRICKLAND, individually and on behalf of all others similarly situated.

RESPONDING PARTY:　　SUNRUN INC.

SET NO.:　　TWO

---

DEFENDANT SUNRUN INC.'S RESPONSES TO PLAINTIFF'S DOCUMENT REQUESTS, SET TWO
CASE NO. 4:23-cv-05034-JST

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, Defendant Sunrun Inc. ("Sunrun") hereby provides its responses and objections to the Document Requests of Plaintiff's First Set of Discovery to Sunrun (the "Requests").

Sunrun will produce any additional responsive, non-privileged documents within its possession, custody, and control that Sunrun is able to locate after a reasonable search and reasonable inquiry, as limited by the asserted objections. Discovery and Sunrun's investigation of the facts related to this case are ongoing. Sunrun reserves the right to supplement these responses.

## PRELIMINARY STATEMENT

Sunrun's responses are made without waiver of the following rights but, to the contrary, are intended to reserve and do reserve the following:

1. Sunrun states that it is responding to the Requests, and each Request therein, as it interprets and understands those Requests. If Plaintiff subsequently asserts an interpretation of any Request that differs from the understanding of Sunrun, Sunrun reserves its right to further supplement its objections and/or responses herein.

2. Sunrun states that it makes these responses solely for the purpose of, and in relation to, this action. Each response herein is made subject to all appropriate objections (including, but not limited to, objections concerning authenticity, foundation, competency, relevance, materiality, propriety, privilege and admissibility) that would require the exclusion of any information or thing at any subsequent proceeding in, or trial of, this or any other action. Sunrun reserves the right to object on any ground to the introduction into evidence of any information produced in response to the Requests.

3. If Sunrun discloses privileged information in response to the Requests, the disclosure is inadvertent and does not constitute a waiver of any applicable privilege.

4. The fact that Sunrun responded to a Request is not intended to, nor shall it be construed as an admission by Sunrun of any fact(s) set forth in or assumed by any Request.

5. Sunrun reserves the right to make additional objections or seek protective orders.

6. Sunrun reserves the right to amend or further supplement these responses in the event that any information is omitted or subsequently identified during the course of Sunrun's ongoing discovery efforts.

Sunrun's responses below are further made subject to the following definitions:

A. "Action" means the lawsuit pending in the United States District Court for the Northern District of California, captioned: *Strickland v. Sunrun, Inc.*, No. 4:23-cv-5034-JST.

B. "Amended Complaint" means the First Amended Class Action Complaint filed on January 4, 2024 in the Action.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all documents that evidence any prior consent to contact those telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome because it seeks "all documents" and because it seeks information beyond the scope of the subject matter of the Action, particularly because no class has been certified; (b) it is premature in that no class has been certified in this Action; and (c) it seeks to shift Plaintiff's burden to Sunrun.

Subject to and without waiving the foregoing objections, Sunrun responds that when Sunrun makes telephone calls for sales purposes (which it did not do as to Plaintiff's phone number, CEE placed the call in response to Plaintiff's inquiry), it does so only after obtaining express invitation or permission to do so, on the basis of prior express written consent, and/or in response to an inquiry. And, many of the telephone calls made by Sunrun are made to persons with whom Sunrun has an established business relationship, and/or who have agreed to arbitrate disputes (if any) with Sunrun. Sunrun also has policies and procedures in place to prevent unwanted telephone solicitations and therefore would also be entitled to invoke the "safe harbor" available under the TCPA to the extent any calls were placed in error. Sunrun further responds that it intends to meet and confer with Plaintiff to clarify and potentially narrow the scope of this Request.

Discovery and Sunrun's investigation are ongoing, and Sunrun reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 2**:

With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all documents that evidence that the number was not wireless when contacted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome because it seeks "all documents" and because it seeks information beyond the scope of the subject matter of the Action, particularly because no class has been certified; (b) it is premature in that no class has been certified in this Action; (c) it seeks to shift Plaintiff's burden to Sunrun; (d) it is premature in that it calls for information that is more appropriate for expert analysis; (e) it seeks information that is equally available to Plaintiff or Plaintiff's expert; (f) it seeks information that is not within Sunrun's possession, custody, or control; and (g) the phrase "the number" is vague and ambiguous as used.

Subject to and without waiving the foregoing objections, Sunrun refers Plaintiff to its response to Request No. 1. Sunrun further responds that it intends to meet and confer with Plaintiff to clarify and potentially narrow the scope of this Request. Discovery and Sunrun's investigation are ongoing, and Sunrun reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 3**:

With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all documents that evidence any prior consent to contact those telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome because it seeks "all documents" and because it seeks information beyond the scope of the subject matter of the Action, particularly because no class has been certified; (b) it is premature in that no class has been certified in this Action; and (c) it seeks to shift Plaintiff's burden to Sunrun.

1  Subject to and without waiving the foregoing objections, Sunrun refers Plaintiff to its
2  response to Request No. 1. Sunrun further responds that it intends to meet and confer with Plaintiff
3  to clarify and potentially narrow the scope of this Request. Discovery and Sunrun's investigation
4  are ongoing, and Sunrun reserves the right to amend this response.

5  **REQUEST FOR PRODUCTION NO. 4**:

6  With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all
7  documents that evidence any prior established business relationship to contact those telephone
8  numbers.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

10  Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome
11  because it seeks "all documents" and because it seeks information beyond the scope of the subject
12  matter of the Action, particularly because no class has been certified; (b) it is premature in that no
13  class has been certified in this Action; and (c) it seeks to shift Plaintiff's burden to Sunrun.

14  Subject to and without waiving the foregoing objections, Sunrun refers Plaintiff to its
15  response to Request No. 1. Sunrun further responds that it intends to meet and confer with Plaintiff
16  to clarify and potentially narrow the scope of this Request. Discovery and Sunrun's investigation
17  are ongoing, and Sunrun reserves the right to amend this response.

18  **REQUEST FOR PRODUCTION NO. 5**:

19  With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all
20  documents that evidence that the number was not on the Do Not Call Registry when contacted.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

22  Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome
23  because it seeks "all documents" and because it seeks information beyond the scope of the subject
24  matter of the Action, particularly because no class has been certified; (b) it is premature in that no
25  class has been certified in this Action; (c) it seeks to shift Plaintiff's burden to Sunrun; (d) it is
26  premature in that it calls for information that is more appropriate for expert analysis; (e) it seeks
27  information that is equally available to Plaintiff or Plaintiff's expert; (f) it seeks information that is
28

not within Sunrun's possession, custody, or control; (g) the phrase "the number" is vague and ambiguous as used.

Subject to and without waiving the foregoing objections, Sunrun refers Plaintiff to its response to Request No. 1. Sunrun further responds that it intends to meet and confer with Plaintiff to clarify and potentially narrow the scope of this Request. Discovery and Sunrun's investigation are ongoing, and Sunrun reserves the right to amend this response.

**REQUEST FOR PRODUCTION NO. 6**:

With respect to Exhibit 9 to the Expert Report of Aaron Woolfson, please produce all documents that evidence that the number was not a residential number when contacted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**:

Sunrun objects to this Request to the extent that: (a) it is overbroad and unduly burdensome because it seeks "all documents" and because it seeks information beyond the scope of the subject matter of the Action, particularly because no class has been certified; (b) it is premature in that no class has been certified in this Action; (c) it seeks to shift Plaintiff's burden to Sunrun; (d) it is premature in that it calls for information that is more appropriate for expert analysis; (e) it seeks information that is equally available to Plaintiff or Plaintiff's expert; (f) it seeks information that is not within Sunrun's possession, custody, or control; and (g) the phrase "the number" is vague and ambiguous as used.

Subject to and without waiving the foregoing objections, Sunrun refers Plaintiff to its response to Request No. 1. Sunrun further responds that it intends to meet and confer with Plaintiff to clarify and potentially narrow the scope of this Request. Discovery and Sunrun's investigation are ongoing, and Sunrun reserves the right to amend this response.

| | | |
|---|---|---|
| 1 | Dated: July 8, 2025 | Respectfully submitted, |
| 2 | | */s/ Glenn T. Graham* |
| 3 | | Lauri A. Mazzuchetti (*pro hac vice*)<br>Glenn T. Graham |
| 4 | | **KELLEY DRYE & WARREN LLP**<br>One Jefferson Road |
| 5 | | Parsippany, New Jersey 07054<br>Telephone:  (973) 503-5900 |
| 6 | | Facsimile:  (973) 503-5950<br>lmazzuchetti@kelleydrye.com |
| 7 | | ggraham@kelleydrye.com |
| 8 | | *Attorneys for Defendant Sunrun Inc.* |

# PROOF OF SERVICE

**STATE OF NEW JERSEY, COUNTY OF MORRIS**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Morris, State of New Jersey. My business address is One Jefferson Road, Parsippany, NJ 07054.

On July 8, 2025, I served a true copy of the foregoing document described as

**DEFENDANT SUNRUN INC.'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

on the interested parties in this action as follows:

> Anthony I. Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> [o] (617) 485-0018
> [f] (508) 318-8100
> anthony@paronichlaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**FEDERAL:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 8, 2025, at Parsippany, NJ.

_____
Glenn T. Graham