Last revised March 12, 2025

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

**STANDING ORDER FOR MAGISTRATE JUDGE LAUREL BEELER**

Parties must comply with the procedures in the Federal Rules of Civil and Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's standing order for civil cases titled "Contents of Joint Case Management Statement." The rules are available at http://www.cand.uscourts.gov. The parties' failure to comply with the rules may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**CALENDAR DATES AND SCHEDULING**

Motions are heard on Thursdays: civil motions at 9:30 a.m., criminal motions at 10:30 a.m., and pretrial conferences at 1:00 p.m. Hearings are in person. Parties may stipulate to a hearing by videoconference one week before any hearing. The parties may notice motions (other than discovery motions, discussed below) under the local rules for any available Thursday on the court's calendar (at http://www.cand.uscourts.gov).

Case-management conferences are on Thursdays: criminal cases at 10:30 a.m. in person and civil cases by videoconference at 11:00 a.m. Civil case-management conferences are not recorded unless a party asks or is appearing pro se.

For scheduling questions, please contact courtroom deputy Elaine Kabiling at lbcrd@cand.uscourts.gov or 415-522-3140.

STANDING ORDER

## CHAMBERS COPIES

If filings are voluminous, then the parties must lodge chambers copies that are double-side printed and three-hole punched. They must be the electronically filed copies with the PACER/ECF-generated header (case number, docket number, date, and ECF page number). Exhibits must be tabbed and have a table of contents. If the copies are more than two inches thick, then the parties must submit them in a binder. If the case involves sealed filings, then the redacted and unredacted copies must be submitted in order (e.g., redacted motion/unredacted motion (behind a tab labeled "motion") or redacted Ex. 1/unredacted Ex. 1 (behind a tab labeled "1" or "Ex. 1")). The binder order must be (1) motions and proposed orders (redacted/unredacted), (2) sealing motions and proposed orders with supporting declarations only; and (3) exhibits (redacted/unredacted with numbered tabs that correspond to the exhibit number).

In addition to paper copies, hyperlinked electronic copies should be submitted if feasible when the supporting documents are lengthy. Any pinpoint citations in the briefs must link to the specific page in the supporting exhibit. PDF briefs and bookmarked exhibits must be emailed to lbpo@cand.uscourts.gov. If the file is too large to email, please lodge a thumb drive or share access to a cloud-based hosting platform that allows court employees to download files.

Otherwise, the parties do not need to submit paper copies and instead can email a chambers PDF copy to lbpo@cand.uscourts.gov. Parties do not need to submit electronic copies of certificates of service, certificates of interested entities or persons, consents or declinations to the court's jurisdiction, stipulations that do not require a court order (*see* Civil Local Rule 6-1), or notices of appearance or substitution of counsel.

## CASE MANAGEMENT

**1. Less-Experienced Lawyers**

The court encourages parties to give less-experienced lawyers an opportunity to participate in all court proceedings and to let the court know during the scheduling process.

## 2. Discovery

### 2.1 Privilege Logs

If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5), it must produce a privilege log that is sufficiently detailed for the opposing party to assess whether the assertion of privilege is justified. The log must be produced as quickly as possible but no later than fourteen days after the party's disclosures or discovery responses are due unless the parties stipulate to, or the court sets, another date. Privilege logs must contain the following: (a) the title and description of the document, the number of pages, and the Bates-number range, if any; (b) the subject matter or general nature of the communication (without disclosing its contents); (c) the identity and position of its author; (d) the date of the communication; (e) the identity and position of the recipients of the communication; (f) the location where the document was found; (g) the specific basis for the assertion that the document is privileged or protected (including a brief summary of any supporting facts); and (h) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

### 2.2 Discovery Disputes

If parties have a discovery dispute, then counsel must confer by any means to resolve or narrow their dispute. If that process does not resolve the dispute, then lead trial counsel must confer in person if possible or at least by videoconference. Either party may demand a conference with one week's notice. The parties then may raise their dispute in a five-page letter brief (12-point font or greater, reasonable margins, and page breaks between paragraphs). Lead trial counsel for both parties must sign the letter and attest that they met and conferred in person or by videoconference.

The letter must discuss each dispute separately: each section must have one issue and (1) describe the unresolved issue, (2) summarize each party's position (with citations to the facts and legal authority), and (3) provide each party's final proposed compromise. The parties may submit supporting declarations and documentation of up to fifteen pages.

After the parties submit their dispute, then the court will determine the next steps, including issuing a ruling, ordering more briefing, or setting a hearing.

For discovery disputes involving third parties (usually under Federal Rule of Civil Procedure

45), the parties may (but do not have to) use these procedures and in any event must confer in person if possible or at least by videoconference for any dispute. If the parties do not agree to these procedures, then the moving party must file a noticed motion under the local rules and include in the notice a statement about its compliance with these procedures.

For emergencies during events such as depositions, the parties may contact the court under Civil Local Rule 37-1(b) by calling courtroom deputy Elaine Kabiling at 415-522-3140 and sending a joint email describing the dispute to lbcrd@cand.uscourts.gov and lbpo@cand.uscourts.gov.

### 3. Amended Pleadings

If a party files an amended pleading, it must file as an attachment a blackline compare of the amended pleading against the last pleading.

### 4. Case-Management Statements

The first joint case-management conference statement in a case must have the information in the Northern District's standing order titled "Contents of Joint Case Management Statement." Subsequent statements preferably will have only new information.

### 5. Summary-Judgment Motions

The parties may not file separate statements of undisputed facts. *See* Civil Local Rule 56-2. Joint statements of undisputed facts are not required but are helpful. Any joint statement must include — for each undisputed fact — citations to admissible evidence.

If the parties have cross-motions for summary judgment, then they must file four briefs sequentially: motion (twenty-five pages), opposition/cross-motion (twenty-five pages), opposition/reply (twenty pages), and reply (fifteen pages). The parties must confer on who goes first: if they cannot agree, then the plaintiff files the first motion.

**IT IS SO ORDERED.**

Dated: March 12, 2025

LAUREL BEELER
United States Magistrate Judge