UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHERRY STRICKLAND,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUNRUN, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-05034-JST (LB)<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 65 |

## INTRODUCTION

In this putative class action, the plaintiff claims that defendant Sunrun, which sells solar-power services, made telemarketing calls to her personal cell phone, despite her registration on the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act.[1] Sunrun disputes liability, contending that the plaintiff consented to calls about solar power.[2]

The parties dispute whether Sunrun must produce individualized discovery allegedly relevant to class certification for 9,945 telephone numbers identified in the plaintiff's expert report or whether Sunrun may instead provide a reasonable sample of that information. The plaintiff seeks discovery

---

[1] Second Am. Compl. – ECF No. 54 at 5–7 (¶¶ 23–41). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter Br. – ECF No. 65 at 3.

ORDER – No. 23-cv-05034-JST (LB)

about consent to telemarketing contact, including proof of consent, Sunrun's business relationship with the customers, whether the numbers were wireless or residential, and whether they were registered on the Do Not Call Registry.[3] Sunrun proposes sampling, arguing burden and proportionality concerns.[4] Discovery closes on November 14, 2025. A dispositive motion on the issue of the plaintiff's consent will be heard on March 5, 2026, possibly mooting the class-certification motion, due on March 30, 2025.[5] The process to obtain the plaintiff's requested discovery requires a multi-step process to obtain records for each phone number (one hour per phone number, or 9,945 hours).[6]

The court can decide the issue without oral argument. Civil L.R. 7-1(b). Sampling that results in a statistically valid subset balances the plaintiff's class-certification needs with proportionality and burden. Fed. R. Civ. P. 26(b)(1).

**STATEMENT**

The plaintiff's phone number has been on the National Do Not Call Registry since September 2021.[7] She allegedly received unsolicited calls in July 2023.[8] Sunrun contends that it obtained her contact information through a "lead" purchased from Astoria Company, LLC, which purportedly collected consent via a web form on www.quotewallet.com.[9] The plaintiff denies visiting that site and contends the page misrepresented that it would generate "[n]o sales calls or spam."[10]

The trial court previously denied Sunrun's motion to strike the class allegations, holding that the Rule 23 arguments would be taken up later in the case.[11]

---

[3] *Id.* at 2.

[4] *Id.* at 3.

[5] Scheduling Order – ECF No. 63.

[6] Disc. Letter Br. – ECF No. 65 at 4–5.

[7] *Id.* at 1.

[8] *Id.*

[9] *Id.* at 1–2.

[10] *Id.* at 2.

[11] Order – ECF No. 37 (Donato, J.).

After initial discovery, the plaintiff's expert, Aaron Wolfson, identified subclasses of persons who allegedly received unlawful calls based on data from Astoria leads. His analysis yielded the following potential class counts:

- 4,629 members in the National Do Not Call class;
- 7,966 members with wireless numbers receiving prerecorded messages;
- 577 in the Florida Do Not Call class;
- 812 in the Florida FTSA prerecorded-call class; and
- 1,512 in the Florida autodialer class.[12]

Relying on those numbers, the plaintiff served a second set of requests seeking documents and contention-interrogatory responses on five categories for the class members identified by Wolfson:

1. Proof of consent;
2. Proof of an established business relationship;
3. Proof a number was not wireless;
4. Proof a number was not residential; and
5. Proof a number was not on the Do Not Call Registry.[13]

Sunrun objected to each category as overbroad, unduly burdensome, premature (because no class has been certified), and seeking information beyond its control or better suited for expert testimony.[14] It maintains policies to ensure consent for leads from third parties like Astoria, which was contractually required to obtain prior express written consent and capture it via Jornaya reports (third-party records validating webform submissions, including IP addresses and timestamps).[15] It asserts that the plaintiff's webform submissions, corroborated by Jornaya records from IP addresses near her home or work, and prior call recordings, establish her consent.[16] Full production would require approximately one hour per phone number, totaling 9,945 hours,

---

[12] Disc. Letter Br. – ECF No. 65 at 2.

[13] *Id.* at 2–3 & Exs. 1–2 to *id.* – ECF Nos. 65-1–65-2.

[14] *Id.* at 3–4 & Exs. 1–2 to *id.* – ECF Nos. 65-1 at 3–6 & 65-2 at 2–3.

[15] *Id.* at 3–4.

[16] *Id.* at 4.

involving manual steps: identifying leads, obtaining Jornaya records (which can take days or weeks), generating call logs, retrieving recordings, and reviewing files for communications or agreements.[17] It offered instead to produce a sample of responsive materials.[18] It asks to stay discovery otherwise, pending its summary-judgment motion.[19]

Discovery closes on November 14, 2025, with class certification motions due March 30, 2026, after dispositive motions are heard on March 5, 2026.[20]

The parties met and conferred via Microsoft Teams on July 22, 2025, and via email on September 10, 2025, but could not resolve the dispute.[21]

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b). Pretrial discovery is "accorded a broad and liberal treatment." *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 WL 3007030, at *1 (N.D. Cal. July 14, 2017) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). The party moving to compel discovery bears the initial burden of establishing that the information sought is relevant and proportional to the needs of the case. *Impinj, Inc. v. NXP USA, Inc.*, No. 19-cv-03161-YGR (AGT), 2022 WL 16586886, at *2 (N.D. Cal. Nov. 1, 2022).

The plaintiff argues the information is needed for class certification under Federal Rule of Civil Procedure 23, as it allows her to refine the class by excluding members with valid defenses,

---

[17] *Id.* at 4–5.
[18] *Id.*
[19] *Id.* at 5.
[20] Order – ECF No. 63 at 2–3.
[21] Disc. Letter Br. – ECF No. 65 at 1.

creating a class resolvable on common proof, citing *Mantha v. Quotewizard.Com, LLC*, 347 F.R.D. 376, 385 (D. Mass. 2024) (approving expert's narrowing of class to eliminate potential issues, albeit in a *Daubert* challenge where the court bifurcated discovery to deal with the merits of the plaintiff's individual claim first).[22]

Sunrun counters that the requests negate class-action purposes by requiring individualized proof, are unduly burdensome (9,945 hours), and that some information (e.g., historical wireless or DNC status) is not maintained in the ordinary course and requires expert analysis. It cites the following cases.[23] *Diaz-Lebel v. TD Bank USA, N.A.*, No. CV 17-5110 (MJD/BRT), 2018 WL 4145912, at *3 (D. Minn. Aug. 30, 2018) (rejecting "all or nothing" TCPA discovery as disproportionate); *Yazdi v. Aetna Life & Cas. (Bermuda) Ltd.*, No. 2:18-cv-8345, 2019 WL 6719535, at *2, *8 (C.D. Cal. Sept. 9, 2019) (denying motion where collection would take 330+ hours); *Dobro v. Allstate Ins. Co.*, No. 3:16-cv-1197, 2016 WL 4595149, at *6–7 (S.D. Cal. Sept. 2, 2016) (denying oppressive claim-by-claim review).

The requested discovery is relevant to class certification, as it bears on commonality, typicality, and predominance under Rule 23 by helping identify whether defenses like consent can be resolved class wide. Relevance alone does not suffice; proportionality is key, especially pre-certification where broad class discovery can be limited to avoid undue burden. The estimated burden of 9,945 hours for manual retrieval — exceeding the burdens in *Yazdi* (330 hours) and *Dobro* (three minutes per claim) — outweighs the benefit at this stage, relative to the case's needs.

The issue then is whether sampling should be ordered in lieu of full production. Courts may limit discovery and order sampling to ensure proportionality under Rule 26(b)(2)(C)(iii). *Feske v. MHC Thousand Trails Ltd. P'ship*, No. 11-cv-4124-PSG, 2012 WL 1123587, at *2 (N.D. Cal. Apr. 3, 2012). The plaintiff opposes sampling, arguing it deprives her of the ability to generate a complete class list for certification.[24] The defendant counters that sampling is accepted in TCPA

---

[22] *Id.* at 2–3.
[23] *Id.* at 3–5 & n.1.
[24] *Id.* at 3.

cases to avoid burden while providing representative information, citing the following cases.[25] *Feske*, 2012 WL 1123587, at *2 (sampling advances proportionality in class discovery); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 503 (E.D. Cal. 2012) (courts may order sampling to relieve burden); *Diaz-Lebel*, 2018 WL 4145912, at *3 (sampling as alternative to full TCPA data).

Sampling is appropriate here. Cases endorse sampling for class discovery where full production is burdensome. *Feske*, 2012 WL 1123587, at *2 (sampling furthers Rule 26(b)(2)(C)(iii)'s goals). The manual process described — retrieving Jornaya reports, call logs, recordings, and files — lends itself to sampling, allowing the plaintiff to assess the case and the viability of defenses without exhaustive review. Sunrun proposes that the court order a reasonable sample.[26] The court suggests ten percent (approximately 995 records, perhaps rounded up to 1000), stratified across subclasses. The parties must confer on a sampling methodology within fourteen days and raise any dispute. The court also asks for a timeline for the production (presumably around forty-five days). Any challenges to the sufficiency of the production are due thirty days later, absent agreement of the parties or further order of the court.

The motion to stay discovery is denied: fact discovery closes on November 14, 2025, and the trial judge sets deadlines. Also, the dispute was raised late (October 13, 2025, referred to the undersigned on October 17, 2025).[27] Issues about the adequacy of sampling are preserved.

## CONCLUSION

This resolves ECF No. 65.

**IT IS SO ORDERED.**

Dated: October 27, 2025

_____
LAUREL BEELER
United States Magistrate Judge

---

[25] *Id.* at 5.

[26] *Id.* at 4.

[27] *Id.* (filing date); Referral Order – ECF No. 68.

ORDER – No. 23-cv-05034-JST (LB)        6