**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (SBN 338995)
Emily E. Clark (*pro hac vice* pending)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com
eclark@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHERRY STRICKLAND**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SUNRUN INC.**,<br><br>Defendant. | Case No. 4:23-cv-05034-JST<br><br>[Assigned to the Honorable Jon S. Tigar]<br><br>**SUNRUN'S ADMINISTRATIVE MOTION TO SEAL EXHIBIT TO JOINT STIPULATION FOR ORDER AUTHORIZING SUBPOENA** |

Pursuant to Civ. L.R. 7-11 and Civ. L.R. 79-5, Defendant Sunrun Inc. ("Sunrun") respectfully submits this Administrative Motion to Seal Exhibit ("Motion") to its concurrently filed Joint Stipulation for Order Authorizing Subpoena (the "Joint Stipulation").

## **LEGAL STANDARD**

Under Civ. L.R. 79-5, a party requesting a seal must articulate the reasons for keeping a filing under seal, "including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). The movant must provide evidentiary support from declarations, where necessary, and a narrowly tailored order that applies only to the sealable material. Civ. L.R. 79-5(c)(2)-(3). Where the material to be sealed accompanies a non-dispositive discovery motion at most only tangentially relating to the merits of a case, "good cause" suffices to support the sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-1101 (9th Cir. 2016).

Courts in this district have routinely granted motions to seal when the information in a party's filing pertains to personally identifiable information ("PII") or sensitive personal information ("SPI"). *See, e.g.*, *UnifySCC v. Cody*, No. 5:22-cv-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (sealing exhibits containing names, employee identification numbers, phone numbers, email addresses and home addresses submitted in opposition to a motion for class certification); *Snapkeys, Ltd. v. Google LLC*, No. 5:19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (sealing exhibits containing current and former employees' email addresses and phone numbers); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, No. 5:17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (collecting cases). Indeed, a compelling reason to grant a motion to seal is to "keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. 3:01-cv-00988-MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007). In considering a motion to seal PII or SPI included in a substantive motion, the court considers whether the information is material to that motion. *See UnifySCC*, 2023 WL 7170265, at *1.

**ARGUMENT**

Sunrun seeks to partially seal the form of subpoena it intends to issue to Comcast Cable Communications, LLC d/b/a Xfinity, which was submitted as Exhibit 1 to the Joint Stipulation (the "Subpoena"). The Subpoena contains PII or SPI, including Plaintiff's phone number and residential home address. (*See* Declaration of Glenn T. Graham in Support of Sunrun's Administrative Motion to Seal Exhibit to Joint Stipulation for Order Authorizing Subpoena ("Graham Decl.") ¶ 5.) Sunrun only seeks to seal the portions of the Subpoena reflecting the Plaintiff's PII or SPI. The information sought to be sealed is part of a joint stipulation for non-dispositive, discovery-related relief. *See Ctr. for Auto Safety*, 809 F.3d at 1097–1101. As such, Sunrun presents the following bases to support good cause for the requested sealing.

First, there are legitimate private and public interests that warrant sealing the Subpoena. The unredacted version of the Subpoena includes Plaintiff's personal phone number and residential home address. (*See* Graham Decl. ¶ 5.) Plaintiff has a privacy interest in keeping her personal phone number and residential home address out of the public sphere.

Second, if sealing is denied, Plaintiff may be at risk of personal harm or identity theft. *See Nursing Home Pension Fund*, 2007 WL 3232267, at *2. Additionally, disclosure may strain the business relationship between Sunrun and its past, present and future customers, as Sunrun represents its intention to keep call recipients' PII and SPI private from disclosure pursuant to Sunrun's Privacy Policy. Defendant makes such representations because it values customers' privacy interests. (*See* Graham Decl. ¶ 7.)

Finally, there is no sufficient, less restrictive alternative to sealing the Subpoena. Sunrun submits concurrently with the Joint Stipulation copies of the Subpoena with PII and SPI redacted for public viewing. (*See* Graham Decl. ¶ 8.) While this protects Plaintiff's PII and SPI, Sunrun must also share the unredacted Subpoena with the Court and Plaintiff's counsel in accordance with the local rules.

**CONCLUSION**

For the foregoing reasons, Sunrun respectfully requests that the Court grant this Motion and enter the Proposed Order sealing the unredacted Subpoena filed as an exhibit to the Joint Stipulation.

DATED: December 11, 2025

*/s/ Glenn T. Graham*
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (SBN 338995)
Emily E. Clark (*pro hac vice* pending)
KELLEY DRYE & WARREN LLP
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com
eclark@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*