# EXHIBIT 1
# (FILED UNDER SEAL)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated<br>*Plaintiff*<br>v.<br>Sunrun Inc.<br>*Defendant* | )<br>)<br>)  Civil Action No. 4:23-cv-05034-JST<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Comcast Cable Communications, LLC d/b/a Xfinity
CSC Global 251 Little Falls Dr., Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: ATTN: Glenn T. Graham, 7 Giralda Farms, Suite 340, Madison, NJ 07940 via email to ggraham@kelleydrye.com | Date and Time:<br>1/2/2026 at 12:00 pm ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/11/2025

*CLERK OF COURT*
                                          OR          /s/ Glenn T. Graham
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sunrun Inc.
, who issues or requests this subpoena, are:
Glenn T. Graham, 8 Giralda Farms, Suite 340, Madison, NJ 07940, ggraham@kelleydrye.com, 973-503-5900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:23-cv-05034-JST

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 4:23-cv-05034-JST   Document 79-4   Filed 12/11/25   Page 4 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

1. "Concerning" or "Concern" means, without limitation, constituting, referring or relating to, representing, reflecting, incorporating, discussing, monitoring, making reference, alluding or pertaining to.

2. "Document(s)" has the same meaning and is equal in scope to the usage of the term "document" or "electronically stored information" in Fed. R. Civ. P. 34(a). By way of illustration, and without limitation, Documents include at least the following: originals, drafts and all non-identical copies of memoranda, reports, notes, graphs, laboratory notebooks, Correspondence, interoffice Communications, letters, diaries, calendars, photographs, motion pictures, sketches, drawings, promotional material, technical papers, printed publications, patents, text messages, e-mails, and all other writings, as well as all non-paper information storage means such as sound reproductions, computer inputs and outputs, tape, film and computer memory devices, as well as tangible things such as models, modules, prototypes, and commercially saleable products.

3. "Home Address" means the address identified as ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇.

4. "Phone Number" means the phone number identified as ▇▇▇▇-3632.

**INSTRUCTIONS**

1. All responsive documents within possession, custody or control are to be produced. Without limitation of the word "control" as used in the preceding sentence, a document is deemed to be in your "control" if you have the right to secure the document or a copy or image thereof from another person or entity having actual possession thereof.

2. Should You object to one or more document request, You shall file an objection in accordance with the relevant rules.

3. Objection by You to certain of the document requests shall not relieve You of the obligation to answer the requests to which he has not objected.

4. In the event that any document or thing called for by the document requests has been lost or destroyed, please set forth with respect to each such document or thing: (1) the author(s), creator(s) or originator(s); (2) the addressee(s), custodian(s) or recipient(s); (3) the identity of each person who was sent, furnished or who received, viewed or has had custody of the document or thing; (4) the date of the document or the date on which the thing was created; (5) the date, place, manner, reason and circumstance of destruction; (6) the identity of persons authorizing destruction; (7) the identity of persons destroying the document or thing; and (8) the numbered document request to which the document or thing responds.

5. With respect to any document which You refuse to produce on the basis of a claim of privilege or otherwise, identify each such document by stating:

    a. the document's author;

    b. any addressee and any indicated or blind copy recipients;

    c. the document's date, subject matter, number of pages and attachments;

    d. any persons to whom the document was distributed, shown or explained;

    e. the present custodian of the document; and

    f. the nature of the privilege or objection asserted.

6. Unless otherwise stated, a date range of January 15, 2019 to the present is incorporated into each document request.

7. The terms "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

8. The singular form of any word includes the plural, and vice versa.

9. All applicable federal and local rules are incorporated herein by reference.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1. All subscriber agreements in effect for the Phone Number and Home Address during the period of January 1, 2019 through the present.

2. Documents sufficient to show the subscriber billing or account holder information for any accounts associated with the Home Address, between January 1, 2019 and the present.

3. Documents sufficient to show any changes to the subscriber billing or account holder information for any accounts associated with the Home Address during the period of January 1, 2019 through the present.

4. Documents sufficient to show the subscriber billing or account holder information for the Phone Number, between January 1, 2019 and the present.

5. Documents sufficient to show any changes to the subscriber billing or account holder information for the Phone Number during the period of January 1, 2019 through the present.

6. Documents sufficient to show all IP addresses associated with the Home Address and/or Phone Number during the period from January 1, 2019 through the present.

7. Documents sufficient to show all Media Access Control (MAC) addresses associated with the Home Address and/or Phone Number during the period from January 1, 2019 through the present.

8. To the extent not otherwise requested, documents sufficient to show all network addresses associated with the Phone Number and/or Home Address during the period of January 1, 2019 through the present.

9. Documents sufficient to identify each device associated with the Home Address and/or Phone Number, during the period of January 1, 2019 through the present.

10. Documents sufficient to show the device information and subscriber and/or account holder information, and Media Access Control (MAC) addresses, associated with the following IP addresses on the dates indicated below:

    i. 2601:343:c201:4579:f5d3:4656:5d5:8061 (on May 3, 2019)

    ii. 174.253.161.185 (on March 29, 2020)

    iii. 73.192.13.199 (on May 11, 2020)

    iv. 73.104.45.80 (on December 27 and 28, 2020)

    v. 67.190.247.198 (on February 28, 2021)

|   |   |   |
|---|---|---|
| 1 | vi. | 174.212.32.155 (on April 14, 2023) |
| 2 | vii. | 98.231.12.211 (on June 24, 2023) |
| 3 | viii. | 98.231.12.211 (on July 8, 2023) |
| 4 | ix. | 174.212.34.49 (on November 10, 2025) |
| 5 | x. | 174.212.40.192 (on or about November 30, 2023) |
| 6 | xi. | 2600:1006:b10a:9068:cca6:dc28:9eb:2064 (on or about November 30, 2023) |

Dated: December 11, 2025

*Glenn T. Graham*
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (SBN # 338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07960
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

4